UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID MILLAR,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA<br>INTERNAL REVENUE SERVICE,<br><br>                Respondent. | CASE NO. 3:25-mc-05012-DGE<br><br>ORDER TO SHOW CAUSE |

Presently before the Court is Petitioner David Millar's motion, pursuant to 26 U.S.C. § 7609(b)(2), to quash a summons issued by Respondent the Internal Revenue Service ("IRS") to his financial institution, IQ Credit Union. (Dkt. No. 1.) Petitioner argues the summons is premature because he has not yet exhausted his administrative appeal rights. (*Id.* at 3.) Petitioner further argues the IRS improperly cited the then pending U.S. government shutdown as the basis for prematurely issuing the summons. (*Id.* at 4.) Petitioner also contends the IRS summons represents harassment and overreach and violates the Taxpayer Bill of Rights. (*Id.* at 4–5.)

ORDER TO SHOW CAUSE - 1

A party entitled to notice of a summons is permitted to bring a motion to quash under section 26 U.S.C. § 7609(b). "Under 26 U.S.C. § 7609(a), the IRS generally must give notice to the taxpayer and other persons identified in the summons (other than the person summoned) when it issues a summons to a third party." *Alizadeh v. MUFG Union Bank N.A.*, Case No. 2:23-mc-00122 DAD AC, 2023 WL 3721104 at *2 (E.D. Cal. May 30, 2023). 26 U.S.C. § 7609(b) is "the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper." *Viewtech, Inc. v. United States*, Case No. 09cv1606–IEG(CAB)2009 WL 3378990, at *1 (S.D. Cal. Oct. 16, 2009) (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985)).

Petitioner is required to notify the IRS of his petition to quash "by sending a copy of that petition to quash by registered or certified mail to the IRS employee and office designated in the notice of summons to receive the copy." 26 C.F.R. § 301.7609-4(b)(2)(ii). Petitioner is also required to notify "the summoned person by sending by registered or certified mail a copy of the petition to quash to the summoned person." *Id.* at § 301.7609-4(b)(2)(iii). Petitioner offers no proof that he has done so here. Absent such notice, "the district court lacks jurisdiction to hear the proceeding." *Id.* at § 301.7609-4(b)(3).

Accordingly, Petitioner is ordered to show cause, no later than **November 11, 2025**, why this case should not be dismissed for lack of jurisdiction.

The Clerk is directed to calendar this event.

Dated this 28th day of October, 2025.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 2